**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| GOLDA HARRIS | : | |
| | : | Civil Action No. 11-1321 (PGS) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NEW JERSEY DEPARTMENT OF | : | REPORT AND RECOMMENDATION |
| CORRECTIONS, et al., | : | |
| | : | |
| Defendants. | : | |
| ——————————————— | : | |

**ARPERT, U.S.M.J.**

This matter comes before the Court on the Motion of Defendant New Jersey Department of Corrections ("NJDOC") to Dismiss the Complaint for Failure to Provide Discovery Pursuant to FED. R. CIV. P. 37 [dkt. no. 40]. Plaintiff Golda Harris has opposed the Motion [dkt. no. 43]. This matter was referred by U.S. District Judge Peter G. Sheridan for a Report and Recommendation pursuant to FED. R. CIV. P. 72 and L. CIV. R. 72.1. The Court has carefully considered the Parties' submissions. For the reasons set forth on the record and below, the Court recommends that Defendant's Motion be **GRANTED**.

## I.    INTRODUCTION

The facts of this case are well known to the Parties and the Court and need not be recited here at length.  Briefly, Golda Harris, an inmate in the custody of the NJDOC, filed the present action on March 9, 2011, alleging disability discrimination.  See Pl.'s Compl., dkt. no. 1.  On March 22, 2012, the Hon. Mary L. Cooper, U.S.D.J., dismissed Harris' claims against the individually named defendants, but permitted Harris to pursue her disability claims against the NJDOC.  See dkt. no. 3.

NJDOC served its written discovery requests on Harris on October 18, 2012. See Def.'s Brief, dkt. no. 40, at p. 2. After Harris complained of lacking supplies to respond to the requests, on December 12, 2012, NJDOC provided a legal pad and two paper envelopes. Id. When Harris' discovery responses remained outstanding for almost two additional months, the Court conducted a telephone conference with the parties on February 7, 2013. See dkt. no. 17. During the conference, Harris again claimed she was being denied access to legal materials. Id. An investigation by DAG Greene determined that this was not the case. See Def.'s Brief, dkt. no. 40, at p. 3. On February 20, 2013, the Court entered an Order directing Harris to respond to NJDOC's discovery requests by March 11, 2013. See dkt. no. 20.

On May 16, 2013, the Court conducted a status conference to address, among other things, Harris' outstanding discovery obligations. See dkt. no. 32. Again, Harris asserted she was being denied legal materials, this time because she was housed in administrative segregation. See Def.'s Brief, dkt. no. 40, at p. 4. After an investigation, Steven Johnson, an Associate Administrator at the Edna Mahan Correctional Facility, determined that inmates housed in administrative segregation have access to legal materials, and that Harris had been in administrative segregation from December 31, 2012 through April 1, 2013. See dkt. no. 33.

Mr. Johnson also discovered that since April 5, 2013, Harris has been transferred to and from the Constant Watch Observation Calls Unit (CWOC), the Stabilization United (SU), and administrative segregation. Id. Inmates in the CWOC and SU do not have access to legal materials. Id. After learning of Harris' status, NJDOC submitted a letter to the Court requesting that the Court direct Harris to comply with her discovery obligations within 10 days of her return to administrative segregation. Id. The Court entered this Order on May 23, 2013. See dkt. no. 34. On June 7, 2013, Harris was returned to administrative segregation and was housed there

until Defendants filed the present motion.  See Def.'s Brief, dkt. no. 40, at p. 5.  To the Court's knowledge, Harris still has not responded to NJDOC's discovery requests.  NJDOC now moves to dismiss Plaintiff's Complaint for failure to provide discovery.

## II.     LEGAL STANDARD

In determining whether to dismiss a Complaint for failure to provide discovery, trial courts must weigh six factors: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense."  Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).  The Poulis factors apply in cases submitted by *pro se* litigants.  See, e.g., Baratta v. County of Ocean, 2013 WL 2658974 (D.N.J. June 11, 2013).

## III.    DISCUSSION

### A.      The Poulis Factors Weigh in Favor of Dismissal

After considering the Parties' submissions, the Court finds that the Poulis factors weigh in favor of dismissing the Complaint.  The Court will consider each factor in turn.

#### 1.  Personal Responsibility

As an initial matter, the Court finds that Harris is personally responsible for her failure to provide discovery. Harris' primary defense is that she did not have access to legal materials, and thus was unable to respond to NJDOC's discovery requests.  See Pl.'s Opp. Brief, dkt. no. 43, at p. 21.  The Court finds this excuse meritless.  NJDOC served its discovery requests on October 18, 2012, and provided Harris with legal supplies to answer those requests on December 12,

3

2012.  See Def.'s Brief, dkt. no. 40, at p. 2.  Moreover, from December 31, 2012, through April 1, 2013, and from June 5, 2013 through the date of this Motion, Harris was housed in administrative segregation and had access to legal materials there as well.  See dkt. no. 33.  The Court has conducted numerous conferences addressing this issue and has instructed investigations concerning Harris' repeated claims of lacking legal supplies.  See Def.'s Brief, at pp. 3-5; see also dkt nos. 17, 32.  In addition, the Court has issued several Orders directing Harris to respond to discovery.  See dkt. nos. 20, 34.  Harris' failure to do so lies solely with her.

### 2.  Prejudice to Adversary

In addition, the Court finds that Harris' failure to provide discovery has prejudiced NJDOC.  Specifically, Harris' refusal to provide discovery has prohibited this action from moving forward.  Thus, NJDOC has been unable to proceed with the discovery process, including even a deposition. Harris' actions have prejudiced NJDOC, and this factor weighs in favor of dismissal.

### 3.  History of Dilatoriness

Further, the Court finds that Harris has demonstrated a history of dilatoriness.  As an initial matter, Harris did not comply with Federal Rule 34's 30-day timeframe.  Thereafter, Harris ignored two Court Orders, which effectively provided her over 180 days to respond to discovery. See dkt. nos. 20, 34. To the Court's knowledge, Harris still has not responded to NJDOC's discovery requests, which were served over one year ago.  Under the circumstances, the Court finds that Harris has demonstrated a history of dilatoriness in this action.

### 4.  Willful Conduct or Bad Faith

Moreover, the Court finds that Harris' actions are, at minimum, willful.  Harris has continually asserted that she does not have access to paper or legal materials.  See Pl.'s Opp.

Brief, dkt. no. 43, at p. 21. Yet, in addition to the considerations discussed in connection with the first Poulis factor, Harris has written regular and often lengthy submissions to the Court since being served with NJDOC's discovery requests. See, e.g., dkt. nos. 19, 21, 24, 37, 38, 39, 41, 43, 44, 45, 47, 50, 52. Given Harris' apparent access to legal materials, and her refusal to respond to NJDOC's outstanding discovery requests, the Court concludes that Harris' inaction "is not the result of negligence, but rather constitutes a willful failure to participate in this litigation" First Franklin Fin. Corp. v. Rainbow Mortgage Corp., Inc., Civ. 07-5440 JBS/AMD, 2010 WL 4923341, at *5 (D.N.J. Oct. 19, 2010), report and recommendation adopted, Civ. 07-5440 JBS-AMD, 2010 WL 4923326 (D.N.J. Nov. 23, 2010). Accordingly, the Court finds that Harris has willfully ignored her discovery obligations.

### 5. Effectiveness of Sanctions other than Dismissal

In this case, the Court finds that no sanction less than dismissal is appropriate. Specifically, awarding costs or attorney fees against an indigent plaintiff, such as Harris, would be of no value. In addition, the Court has no reason to believe that an additional extension of Harris' time to comply with discovery would be productive, given that Harris has already ignored several such Orders. See dkt. nos. 20, 34. In short, given Plaintiff's "lack of participation" despite the Court's Orders and communications, the Court concludes that alternative sanctions would not prompt a response from Plaintiff. First Franklin, 2010 WL 4923341, at *6.

### 6. The Merits of the Case

Finally, the merits of Harris' case are debatable. It is unclear at this time whether Harris could potentially discover evidence supporting her disability claims. Yet, even if this factor were neutral, dismissal is appropriate. See Martino v. Solaris Health Systems Corp., 2007 WL

1959226, *2 (D.N.J. 2007) (finding sixth Poulis factor to be neutral, but dismissing complaint because other factors weighed in favor of the movant). In this case, at least five of the six Poulis factors weigh in favor of NJDOC. Accordingly, it is recommended that the Complaint should be dismissed with prejudice.

### B.    Plaintiff's Response

Harris' three primary objections to NJDOC's motion do not necessitate a contrary result. The Court will consider Harris' arguments in turn.

### 1.  NJDOC's Discovery

Contrary to Harris' contentions, NJDOC has satisfied its discovery obligations. NJDOC provided over 2000 pages of documents to Harris on May 16, 2013. See Def.'s Brief, dkt. no. 40, at p. 3. These documents included progress notes, face sheets, inmate remedy forms, disciplinary reports, account statements, business remit forms and medical records. See Def.'s Reply Brief, dkt. no. 49, at p. 2. Indeed, Harris has not identified any specific deficiency in NJDOC's production. Accordingly, the Court rejects Harris' argument that NJDOC is deficient in providing discovery.

### 2.  Access to Legal Materials

The Court has already addressed Harris' assertion that she has not had access to legal materials. See, supra, Sec. III.A.1 and III.A.4. In addition to those considerations, the Court notes that NJDOC began documenting Harris' recurrent legal requests in a journal, which covers the period between July 12, 2013, and August 15, 2013. See Def.'s Reply Brief, dkt. no. 49, at p. 3. This journal shows that NJDOC processed almost thirty requests for legal materials from Harris. Id. Considering (1) Harris' letters to the Court, (2) her time in administrative segregation where she had access to legal materials, (3) the NJDOC's journal recording her frequent requests

6

for supplies, and (4) NJDOC's supply of materials to Harris, the Court has no difficulty concluding that Harris had ample means to comply with her discovery obligations.

### 3. Harris Has Not Complied with her Discovery Obligations

Contrary to Harris' assertions, she has not responded to NJDOC's discovery requests. Harris contends that her pre-trial memorandum and exhibits satisfy her discovery obligations. See Pl.'s Opp. Brief, dkt. no. 43, at p. 3. However, these documents are not responsive to NJDOC's requests. To the Court's knowledge, Harris still has not produced documents responsive to NJDOC's Notice to Produce, which was served on Harris over a year ago.

In sum, the Poulis factors weigh in favor of dismissing the Complaint due to Harris' failure to provide discovery. None of Harris' counterarguments necessitate a contrary result.

## IV. CONCLUSION

For the reasons set forth above, it is respectfully recommended that Defendant's Motion to Dismiss the Complaint for Failure to Comply with Discovery be **GRANTED**.

L. CIV. R. 72.1 and FED. R. CIV. P. 72 permit objections to this Report and Recommendation to be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. The Clerk of Court is directed to serve the parties with electronic notice upon filing this Report and Recommendation.

> s/ *Douglas E. Arpert*
> **DOUGLAS E. ARPERT**
> **UNITED STATES MAGISTRATE JUDGE**

**Dated: November 21, 2013**