UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MS. GOLDA D. HARRIS,

        Plaintiff,

v.

COMMISSIONER GARY LANIGAN, et al.,

        Defendants.

Civil Action No. 11-1321 (MAS) (DEA)

**MEMORANDUM OPINION**

This matter comes before the Court on a civil Complaint filed by Plaintiff Golda D. Harris pursuant to 42 U.S.C. § 1983, alleging that her rights under federal law have been violated. The Clerk received the Complaint on March 9, 2011, (Compl., ECF No. 1), and on March 22, 2012, Judge Mary L. Cooper, then assigned to the case, dismissed all defendants upon screening, except for Defendant Department of Corrections, and directed the Clerk to file the Complaint and issue summons, (Order, Mar. 22, 2012, ECF No. 3.) Service was conducted by the United States Marshal, and was completed on May 30, 2012. (ECF No. 7.) The due date for Defendant's answer was June 20, 2012, (*id.*), and the Answer was filed on June 29, 2012, (Answer, ECF No. 8.) There is no record of a request for extension, and no record that Plaintiff moved for default at that time. The case was then reassigned to Judge Peter L Sheridan. (ECF No. 11.) After a protracted and problematic discovery, Defendant moved to dismiss the case, (Mot. to Dismiss, ECF No. 40), and on November 21, 2013, Magistrate Judge Douglas E. Arpert entered a Report and Recommendation ("R&R"), recommending to Judge Sheridan that the case be dismissed for Plaintiff's failure to provide discovery pursuant to Federal Rule of Civil Procedure 37. (R&R, Nov. 21, 2013, ECF No. 54.) Judge Sheridan entered an order adopting the R&R, (Order, Dec.

11, 2013, ECF No. 55), but on the same day, Plaintiff filed her objections to the R&R, (ECF No. 56). Plaintiff appealed, (Notice of Appeal, ECF No. 57), and the parties agreed to remand the case back to the district court to address Plaintiff's objections. (Mandate, ECF No. 64.)

The case was then reassigned to the undersigned. (ECF No. 68.) On January 19, 2016, this Court held a telephone conference with the parties, after which it entered an order permitting the parties to submit one additional supplemental briefing addressing the motion to dismiss. Both parties have submitted their supplemental briefs, or, in Plaintiff's case, several briefs. (*See* ECF Nos. 72 (Def's Br.), 73, 75, 76, 77 & 79 (Pl.'s Brs.).)

The Court has carefully reviewed all of the parties' submissions, and finds that it is in complete agreement with Judge Arpert's findings in the R&R, and therefore adopts the R&R in its entirety, for substantially the same reasons articulated by Judge Arpert, with a few additional comments. First, the primary arguments against dismissal, made by Plaintiff repeatedly, are that (1) she lacked writing material to respond to the discovery requests, and (2) she cannot obtain adequate copy service or access to the law library to comply with the discovery requests. As Judge Arpert found, despite Plaintiff's continued assertion that she did not have access to writing material, she nevertheless has filed numerous lengthy submissions in this case, which clearly contradicted her assertion that she lacked writing material (R&R 5.) Indeed, as the Court noted above, in response to this Court's order granting the filing of *one* supplemental brief, Plaintiff submitted *five* briefs. Had Plaintiff reserved a small fraction of the papers she used to file submissions and objections in this Court, most of which were necessitated only because of her failure to comply with the discovery requests, and used them to actually respond to Defendant's discovery requests, no dismissal would be necessary.

As for Plaintiff's assertion that she had no access to the law library, she does not explain, nor can the Court deduce, why access to the law library was necessary to comply with the discovery requests. Discovery requests normally, as is the case here, deal with factual matters, not legal issues. Even if Plaintiff objected to certain requests, she could have stated so in her response, and Judge Arpert could have addressed those objections on the merits. Instead, to date, no response has been received by Defendant, and no objections to the requests were received by Judge Arpert.

As for Plaintiff's contention that she had no access to copy services, since she did not respond to Defendant's discovery requests, no one knows what documents she has in her possession that are responsive, no one knows what documents she does not have in her possession, and no one knows how many pages of documents Plaintiff was prepared to produce if she were to obtain copy services. Had Plaintiff provided Defendant and Judge Arpert with a list of such documents, and stated that she was unable to produce due to her inability to copy the documents, the Court is certain both Defendant and Judge Arpert would have assisted in some fashion. Instead, Plaintiff simply flat out refused to comply.

Plaintiff also makes several nonsensical arguments regarding Defendant's own alleged failures to comply with the federal rules and Plaintiff's discovery requests. However, there is no place for "tit-for-tat" in a court of law. One party's failure to comply with certain rules and procedures is not an excuse for another party to do the same. Regardless, as stated above, Plaintiff could have filed her own motions and objections to Defendant's alleged failures, but there is no record of any such filings until after Judge Arpert's recommendation to dismiss.[1]

---

[1] Plaintiff did baldly assert, in her opposition to the motion to dismiss, that Defendant failed to comply with her own discovery requests. (R&R 6.) Judge Arpert rejected Plaintiff's contention, finding that Defendant complied with all requests, and that Plaintiff "had not identified any specific deficiency in NJDOC's production." (*Id.*)

3

Indeed, as part of her five briefs, Plaintiff now requests an entry of default and moves for default judgment. Initially, Plaintiff made inaccurate factual allegations to support her default judgment motion, none of which were supported by the record. For example, Plaintiff asserted that Defendant was served "between April 2011 to July 2011," (Pl.'s Resp. 7, Feb. 29, 2016, ECF No. 75), when the docket shows that Defendant was served on May 30, 2012. (ECF No. 7.) Plaintiff asserted that "Defendants were allowed to file their first late answer, until 10/18/12," (*id.* at 8), when the docket shows that Defendant never filed for an extension, the Court never allowed any extension, and the Answer was in fact filed on June 29, 2012. (ECF No. 8.) Plaintiff also asserted that she "filed several motions for relief . . . [i]ncluding a motion for default entry and default judgment." (Pl.'s Resp. 8, Feb. 29, 2016.) However, there is no record of Plaintiff having filed any such motion until now.

Plaintiff then submitted another letter, claiming that she had received a copy of the docket sheet, and wished to amend her response and correct her factual assertions. (*See* Pl.'s Letter 1, Mar. 30, 2016, ECF No. 79.) The Court is unsure why Plaintiff thought it was acceptable to simply fabricate facts in a court filing, as long as she corrects herself later. Nevertheless, the Court agrees that Defendant's answer was technically late by nine days, and Plaintiff had an opportunity to seek an entry of default. But Plaintiff's request, made for the first time in her February 2016 response, is more than three-and-one-half years late. The Court refuses to entertain such a grossly untimely request. *See In re MERV Props., LLC*, No. 11-52814, 2015 WL 2097811, at *5 (Bankr. E.D. Ky. May 4, 2015) (denying plaintiff's motion for default, filed nine months late—after discovery had concluded, because plaintiff had not shown good cause to excuse his neglect in not seeking relief earlier); *Prall v. Ellis*, No. 10-1228, 2012 WL 4490729, at *3 n.2 (D.N.J. Sept. 27, 2012) (denying plaintiff's request for an entry of default on the account that the answer was filed within 14 days

after the due date, within the time where the clerk could have granted an automatic 14-day extension, and plaintiff did not submit his request for entry of default until after the answer was filed); *Lesser v. Aseron*, No. 96-8121, 1998 WL 94797, at *2 (E.D. Pa. Mar. 3, 1998) (denying plaintiffs' request to strike answer, even though the answer was filed nine months late, because plaintiffs themselves did not seek to strike the answer until three months after the answer was filed—"Thus, this Court is faced with two equally blameworthy parties. While defendant['s] . . . conduct was somewhat excused . . . [t]he plaintiffs' delay was . . . completely inexcusable"). As such, Plaintiff's requests for default and default judgment are denied.

                                                        _____
                                                        Michael A. Shipp, U.S.D.J.

Dated: 7/1/16